**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSHUA SILFEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>         v.<br><br>AUTOMATED DATA PROCESSING, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:CV-15-23<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is Defendant Automated Data Processing, Inc.'s ("ADP") Motion to Dismiss, or, in the Alternative, Compel Individual Arbitration and Stay Proceedings. (Doc. 8.) For the reasons that follow, the motion to dismiss will be granted.

### I. Background

The facts alleged in the Class Action Complaint are as follows:

Plaintiff Joshua Silfee ("Silfee") is a citizen of Pennsylvania and resident of Luzerne County, Pennsylvania. (*Compl.*, ¶ 3.) Defendant ADP is "a provider of business processing and cloud-based solutions, including payroll, talent management, human resource management, benefits administration, and time and attendance, to employers and automotive dealerships around the world." (*Id*. at ¶ 4.) As part of its payroll products and services offered to clients, ADP provides employers the option of paying their employees through a paycard system, known as TotalPay or ALINE. (*Id*. at ¶ 6.) This paycard system is issued and administered by ADP, and each employee is provided with a VISA brand paycard that is loaded each pay period with the employee's net earnings. (*Id*.)

Until approximately July 2013, Silfee was employed by ERG Staffing Service, LLC ("ERG"). (*Id*. at ¶ 7.) During this time, ERG contracted with ADP for the provision of various payroll services, including the use of the TotalPay paycard system. (*Id*. at ¶ 8.)

Through the use of the TotalPay paycard system, ADP paid wages to ERG employees, including Silfee. (*Id*. at ¶ 9.) Each pay period, ADP processed payroll for all ERG employees and automatically loaded the employees' wages onto the TotalPay paycard. (*Id*. at ¶ 10.) Employees who are paid wages through the paycard are charged an enrollment fee, account maintenance fees, ATM withdrawal fees, balance inquiry fees, point of sale purchase fees, and an account closure fee. (*Id*. at ¶ 11.) These fees were deducted by ADP from the balance of funds loaded onto employees' TotalPay paycards. (*Id*. at ¶ 12.)

ADP was actively involved in the policy and decision making on matters of pay and compensation for ERG. (*Id*. at ¶¶ 15, 39.) ADP directly made the decision and implemented the policy regarding the wage deductions and fees associated with the TotalPay paycard system. (*Id*. at ¶ 16.) Additionally, "Plaintiff and members of the proposed class have entered into an unwritten agreement with ADP to which Plaintiff and members of the proposed class are to receive the full amount of wages owed to them in compensation of their work." (*Id*. at ¶ 41.)

In view of the foregoing, Silfee, on behalf of himself and all others similarly situated, commenced this action against ADP in the United States District Court for the Eastern District of Pennsylvania on August 22, 2014. The action was subsequently transferred to this Court by agreement of the parties. (Doc. 14.) In his one-count Complaint, Silfee alleges that ADP violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*, as a result of the fees associated with the use of the TotalPay paycard system. (*Compl*.)

On November 21, 2014, ADP filed the instant motion to dismiss or to compel arbitration. (Doc. 8.) Silfee filed his brief in opposition to ADP's motion on December 19, 2014, (Doc. 12), and ADP filed a reply brief in further support of its motion on January 16, 2015. (Doc. 20.) ADP's motion to dismiss or compel arbitration is thus fully briefed and ripe

for disposition.

## II. Discussion

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.    The WPCL**

ADP seeks dismissal of Silfee's claim that it violated the WPCL with respect to the fees associated with the use of the TotalPay paycard system.  Among other arguments, ADP contends that it does not qualify as an "employer" under the terms of the statute.[1]  As a result, ADP concludes that Silfee fails to state a claim upon which relief can be granted.

The WPCL states, in pertinent part:

> (a) Wages other than fringe benefits and wage supplements.  Every employer shall pay all wages, other than fringe benefits and supplements, due to his employes on regular paydays designated in advance by the employer. . . . The wages shall be paid in lawful money of the United States or check, except that deductions provided by the law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employe, may be made including deductions of contributions to employe benefits plans, which are subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

43 P.S. § 260.3.[2]  The purpose of the WPCL has been explained by the Pennsylvania Superior Court as follows:

> Pennsylvania enacted the WPCL to provide a vehicle for employees to enforce payment of their wages and compensation held by their employers.  The underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when

---

[1]  ADP also asserts that Silfee fails to provide any factual support for the naked assertion that he entered into an "unwritten agreement" with ADP for the payment of his wages. I agree, and also note that Silfee failed to respond to ADP's argument raising this issue in his opposition to the motion to dismiss. *See Dale v. Abeshaus*, No. 06-4747, 2013 WL 5379384, at *14 n.76 (E.D. Pa. Sept. 26, 2013) ("if a plaintiff fails to respond to all of the arguments raised in a motion to dismiss, the court may grant the motion to dismiss as uncontested with respect to those arguments.").

[2]  In accordance with § 260.3, 34 Pa. Code § 9.1 lists twelve deductions from wages authorized by the Department of Labor and Industry. 34 Pa. Code. § 9.1(1-12). Additionally, § 9.1 permits "[s]uch other deductions authorized in writing by employees as in the discretion of the Department is proper and in conformity with the intent and purpose of the Wage Payment and Collection Law. . . ." *Id*. at § 9.1 (13).

5

an employer breaches its contractual obligation to pay wages. The WPCL does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.

*Thomas Jefferson Univ. v. Wapner*, 903 A.2d 565, 574 (Pa. Super. Ct. 2006) (citing *Hartman v. Baker*, 766 A.2d 347, 352 (Pa. Super. Ct. 2000)).

"Employer" is a defined term in the WPCL, and it includes "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and *any agent or officer* of any of the above-mentioned classes employing any person in this Commonwealth." *Id*. at § 260.2a (emphasis added). At issue here is whether ADP qualifies as an "agent" of ERG for purposes of the WPCL.

Although the phrase "agent or officer" is not defined in the statute or its corresponding regulations, the Pennsylvania Superior Court has explained that the Pennsylvania Legislature's stated purpose behind holding officers or agents liable under the WPCL:

> [W]as to subject these persons to liability in the event that a corporation or similar entity failed to make wage payments. Its reason for doing so is obvious. Decisions dealing with personnel matters and the expenditure of corporate funds are made by corporate officers and it is far more likely that the limited funds of an insolvent corporation will be used to pay wages and that a work force will be reduced while the corporation is still capable of meeting its obligations to its employees if personal liability is imposed on the persons who make these decisions.

*Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid-Atlantic Promotions, Inc.*, 856 A.2d 102, 105 (Pa. Super. Ct. 2004) (quotation omitted); *accord Belcufine v. Aloe*, 112 F.3d 633, 634 (3d Cir. 1997) ("[t]he purpose of this rule is to give top corporate managers an incentive to use available corporate funds for the payment of wages and benefits rather than for some other purpose."). "To hold an 'agent or officer' personally liable for unpaid wages, 'evidence of an active role in decision making is required.'" *Int'l Ass'n of Theatrical Stage Employees*, 856 A.2d at 105 (citing *Mohney v. McClure*, 568 A.2d

682 (Pa. Super. Ct. 1990), *affirmed per curiam* 604 A.2d 1021 (Pa. 1992)). Restated, "[u]nder the WPCL, an agent or officer will be held liable as an employer if it can be established that he or she was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation. *Patterson v. Olivet Int'l, Inc.*, No. 9-1089, 2009 WL 4722807, at *5 (W.D. Pa. Dec. 2, 2009) (citing *Tyler v. O'Neill*, 994 F. Supp. 603, 616 (E.D. Pa. 1998)). Moreover, the Third Circuit in *Belcufine* emphasized that the "liability of corporate managers under the WPCL" as agents or officers of a corporation is "a 'contingent liability, *i.e.*, it is contingent on the corporation's failure to pay debts that it owes." *Belcufine*, 112 F.3d at 639.

ADP's motion to dismiss Silfee's WPCL claim will be granted. First, Siflee fails to allege any facts to support his contention that ADP, an entity distinct from his employer that was contracted with for the provision of payroll services, had an active role in decision-making on issues relating to wage and compensation decisions at ERG. While Silfee alleges in conclusory fashion that ADP was involved in the policy and decision making on matters of pay and compensation for ERG, he fails to support this "naked assertion" with any "factual enhancement" as required under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

Second, consistent with case law analyzing the "agent or officer" language in § 260.2a of the WPCL, in particular the Third Circuit's decision in *Belcufine*, an employee's primary recourse for recovery of unpaid wages is from his actual employer. *See Belcufine*, 112 F.3d at 639-40. Indeed, an agent or officer's liability under the WPCL is a "contingent liability." *Id*. at 639 (the purpose of the Pennsylvania Legislature was to hold an agent or officer liable under the WPCL "in the event that a corporation failed to make wage payments."); *see also Panetta v. SAP Am., Inc.*, No. 05-4511, 2006 WL 924996, at *4 (E.D. Pa. Apr. 6, 2006) ("an officer's liability under the PWPCL is contingent on liability of the

company to the employee."). Here, Silfee does not assert that his actual employer, ERG, is liable for the alleged unlawful deductions, nor has he included ERG as a defendant in this action. *Cf. Panetta*, 2006 WL 924996, at *4 ("the Complaint, read broadly, alleges a cause of action for unpaid wages under a compensation agreement, both against the corporation and therefore against senior officers in the company.").

Third, although the parties have cited case law discussing the "agent or officer" language, this authority does not define the term "agent" for purposes of the WPCL or involve a claim that a corporation acted as an "agent" for the plaintiff's employer. Thus, whether ADP qualifies as "agent" of ERG under the WPCL implicates "[t]he interpretation of [a] Pennsylvania statute[ ] [which] is governed by the state's Statutory construction Act of 1972, 1 Pa. Cons. Stat. Ann. §§ 1501-1991 (1995 Supp.)." *Hofkin v. Provident Life & Acc. Ins. Co.*, 81 F.3d 365, 371 (3d Cir. 1996). The Pennsylvania Statutory Construction Act provides that technical words are to be construed according to their "peculiar and appropriate meaning." 1 Pa. Cons. Stat. Ann. § 1903(a); *accord Scungio Borst & Assocs. v. 410 Shurs Lane Developers, LLC*, 106 A.3d 103, 109-10 n.6 (Pa. Super. Ct. 2014) (noting that "agent," an undefined term in the Contractor and Subcontractor Payment Act, was to be construed according to its peculiar and appropriate meaning).

An "agent" is defined as "one who is authorized to act for or in place of another." *Vine v. Commonwealth*, 9 A.3d 1150, 1158 (Pa. 2010) (quoting Black's Law Dictionary 26-27 (3d. pocket ed. 2006)). "A principal and agent can be in the relationship of a master and servant, or simply in the status of two independent contractors." *Juarbe v. City of Phila.*, 431 A.2d 1073, 1075-76 (Pa. Super. Ct. 1981) (citations omitted). While a party "may stand as both independent contractor and agent to another," *Tax Review Bd. v. Slater Sys., Inc.*, 398 Pa. 477, 482, 158 A.2d 561, 563 (Pa. 1960) (citing *Commonwealth v. Minds Coal Mining Corp.*, 360 Pa. 7, 60 A.2d 14 (Pa. 1948); Restatement (Second) of Agency § 2), "[u]nder

8

Pennsylvania law, it has been expressly stated that not all independent contractors are agents." *Cohen v. Salick Health Care, Inc.*, 772 F. Supp. 1521, 1528 (E.D. Pa. 1991) (citing *Minds Coal*, 360 Pa. 7, 17, 60 A.2d 14, *cited with approval by Moon Area School District v. Garzony*, 522 Pa. 178, 189, n. 8, 560 A.2d 1361, 1367 n.8 (Pa. 1989)).

Here, Silfee fails to allege facts indicating the existence of an agency relationship between ADP and ERG. Stripping the Complaint of its legal conclusion that ADP was an "agent" of ERG, the extent of Silfee's factual allegations regarding the relationship between the two is that ERG contracted with ADP for the provision of payroll services and that it was ADP that decided to make the allegedly unlawful deductions. Although he pleads the existence of a contractual relationship between ADP and ERG, Silfee has not set forth any facts suggesting that ADP was an "agent" of ERG as opposed to an independent contractor. And, although discovery is often "necessary when an agency relationship is alleged," *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 808 (3d Cir. 2003), Silfee has not alleged "enough facts to raise a reasonable expectation that discovery will reveal evidence" that ADP was ERG's "agent." *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

Therefore, as Silfee has not adequately pled that ADP was an "agent" of ERG, ADP is not alleged to be Silfee's "employer" for purposes of the WPCL. As such, Silfee fails to state a claim upon which relief can be granted, and the motion to dismiss the Complaint will be granted.

**C.    Leave to Amend**

Although the motion to dismiss will be granted, Silfee will be given leave to amend his Complaint. Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. As such, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*,

363 F.3d 229, 235 (3d Cir. 2004)).  In this context, "'futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shave v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)).  Because it is not apparent at this time whether Silfee can cure the deficiencies identified with respect to his WPCL claim, he will be given the opportunity to file an amended pleading.

### III. Conclusion

For the above stated reasons, ADP's motion to dismiss will be granted, but Silfee will be granted twenty-one (21) days to file an amended complaint.

An appropriate order follows.


March 12, 2015                                            /s/ A. Richard Caputo
Date                                                             A. Richard Caputo
                                                                    United States District Judge